# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:25-cv-20073-RKA

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,
v.

GARAN ENTERPRISES INC., ROMA
GROCERS, INC. D/B/A PRESIDENTE
SUPERMARKET NO. 6 and SUPERLATINOS
CAFÉ RESTAURANTE CORP,

    Defendants.
_____/

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") is made this ___ day of February 2025 (the "Effective Date"), by and between NIGEL FRANK DE LA TORRE PARDO ("Plaintiff"), on the one hand, SUPERLATINOS CAFÉ RESTAURANTE CORP ("Defendant"), on the other hand. Plaintiff and Defendant are sometimes referred to jointly as the "Parties."

This Agreement is made as a compromise between the Parties for the complete and final settlement and resolution of their claims, differences, and causes of action with respect to the above captioned lawsuit and the matters described below.

### PREAMBLE

**WHEREAS,** Plaintiff initiated a lawsuit in the United States District Court for the Southern District of Florida, Civil Action No. 1:25-cv-20073-RKA (the "Action") against Defendant and others pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* ("ADA"), which Action, seeking injunctive relief, along with reasonable attorney's fees and costs (collectively, the "Claims");

**WHEREAS**, Plaintiff alleges that Defendant failed to design, construct and/or own or operate a place of public accommodation generally located at 11356 Quail Roost Drive, Miami, Florida 33157 (the "Property"), that is fully accessible to, and independently usable by, disabled individuals;

**WHEREAS**, Defendant does not admit, and expressly denies, that there were or are any violations of any federal, state, or local statutes or enactments (including, but not limited to, the ADA and local accessibility statutes), or any other wrongdoing or liability whatsoever and Defendant denies each and every one of Plaintiff's allegations in the Action; and

**WHEREAS**, in order to avoid further costs, burdens and distractions of litigation, the Parties now desire to settle fully and finally any and all claims alleged in the Action or that could have been alleged by Plaintiff in the Action or in any other legal action.

**NOW THEREFORE**, in consideration of the mutual promises and releases in this Agreement and other good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, the Parties agree as follows:

## I. RECITALS

The Recitals set forth above are true and correct, and fully incorporated herein and, by this reference, made a part hereof as if fully set forth herein.

## II. COMPROMISE

A.    This Agreement is the result of a compromise and shall never be construed as an admission by Defendant of any liability, wrongdoing, or responsibility on its part or on the part of its predecessors, successors, parents, subsidiaries, partners, attorneys, officers, directors, transferees, or employees. Indeed, Defendant expressly deny any such liability, wrongdoing, or responsibility.

*Nestor Amaya*
Doc ID: cc2c8f0216ca13d30e0bbdd17e06c44e55f4aa1c

B.     The Parties agree, covenant, and represent that none of the actions that will be taken pursuant to this Agreement shall be construed as an admission of liability, any and all such liability being expressly denied by Defendant.

### III.  ACTIONS TO BE TAKEN BY DEFENDANTS

A.     **Modifications**: Defendant has made or shall cause modifications to be made to the Property to correct the allegations concerning ADA violations pled in the Complaint as Count II. The Parties agree that the Modifications shall be made within eighteen (18) months from the date the Agreement is fully executed (the "Remediation Period").

B.     **Completion:** If the Modifications are not timely completed due to acts of God, the actions or inactions of third parties, Force Majeure, work stoppages, material shortages or reasons beyond the Defendant' control (including, but not limited to, the inability to obtain building or zoning permits, failure of city/county inspectors to make inspections, or contractor defaults), then Defendant shall be allowed additional time in which to complete the Modifications and shall not be deemed to be in violation of the above completion date.  In such case, Defendant shall provide written notice via e-mail to Plaintiff's counsel about the delay, the reasons for the delay, the anticipated date of completion, and shall otherwise make a good-faith effort to effect implementation of the Modifications as soon as reasonably possible thereafter.

### IV.  SETTLEMENT PAYMENT

In full, final, and absolute settlement, Defendant agrees to pay the total sum as set forth in the separate confidential payment letter signed by the parties ("Settlement Sum").  The Settlement Sum is the full and final amount that Defendant shall pay in settlement to Plaintiff and includes all of Plaintiff's attorneys' fees, court costs and related expenses, such as the costs of Plaintiff's expert witness and consultant fees.

*Nestor Amaya*

## V. RELEASE

**A.** Upon execution of this Agreement, Plaintiff, Plaintiff's agents and employees, and all related persons, partnerships, or other entities and Plaintiff's heirs, predecessors, successors, assigns, representatives, insurers, and transferees (collectively, "Releasors") hereby remise, release, acquit, satisfy, and forever discharge both Defendant, SUPERLATINOS CAFÉ RESTAURANTE CORP, and each of their past and present partners, predecessors, successors, subsidiaries, assigns, agents, directors, representatives, officers, members, managers, employees, shareholders, reinsurers, insurers and attorneys (collectively, "Releasees"), from and against all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action, administrative actions, dues, sums of money, accounts, reckonings, bonds, bills, subrogation claims, specialties, covenants, contracts, controversies, Agreements, promises, variances, trespasses, judgments, executions, warranties (statutory or contractual) and suits of any kind or nature, in law and in equity, known or unknown, asserted or un-asserted, from the beginning of the world to the day that this Agreement is executed, strictly in regard to the Property and specifically including, but not limited to, any and all disputes, claims, or differences, known or unknown, asserted or un-asserted, which relate to, arise from, or are connected in any way with: (a) the Claims; (b) the Action; (c) alleged ADA violations; or (d) any combination of (a), (b), and (c) herein, including all claims for injunctive relief, attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee and/or cost, with the exception of the Settlement Sum to be paid by Defendant pursuant to this Agreement. This Release does not constitute and is not a release of any obligation as provided for in this Agreement.

*Nestor Amaya*

## VI.  THIRD PARTY BENEFICIARIES.

**A.**      The Parties expressly agree that this Agreement is intended to create a right for the public and individuals with disabilities, as defined by and pursuant to the ADA, as third-party beneficiaries of this Agreement. It is the Parties' clear and manifest intent that this Agreement primarily and directly benefits the public and individuals with disabilities, as defined by and pursuant to the ADA.  The third parties with disabilities, as defined by and pursuant to the ADA, shall have the right to enforce this Agreement and maintain a suit for enforcement of the ADA compliance, pursuant to the terms or provisions of this Agreement.

## VII.  LOCAL FEDERAL COURT PRACTICE REQUIRING VERIFIED CERTIFICATE OF COUNSEL REGARDING ANY PRIOR FILINGS UDER THE ADA.

**A.**      The Parties agree to share this Agreement with any third party inquiring into, or ascertaining whether, the Defendants or the Defendants' Property have ever been sued for any alleged violations of the ADA.  The Parties also agree to inform the third party, or the third party's counsel, that the same is a third-party beneficiary of this Agreement and has standing to enforce the Agreement. Additionally, the Parties shall inform the third party, or the third party's counsel, of the efforts that have been made to bring the Property into compliance with the ADA.

## VIII. COURT RETENTION OF JURISDICTION

**A.**      The Parties agree that the Court shall retain jurisdiction to enforce the terms of this Agreement.

A.   **ADDITIONAL TERMS AND CONDITIONS**

A.      This Agreement sets forth and constitutes the entire Settlement Agreement between the Parties with respect to the settlement of the Action and supersedes any and all prior Agreements, understandings, promises, warranties, and representations. This Agreement may be

*Nestor Amaya*

modified only by a written document signed by the Parties. No provision of the Agreement shall be deemed to have been waived by either Party—whether expressly, impliedly, or by course of conduct—unless such waiver is in writing and signed by such Party, which waiver shall apply only to the matter described in the writing and not to any subsequent rights of such party.

  B. This Agreement may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same Agreement. In connection herewith, the Parties agree that a facsimile or electronic copy of a Party's signature sent in pdf format shall be deemed the equivalent of an original.

  C. This Agreement is binding on the Parties and their predecessors, successors, parents, subsidiaries, assignees, agents, directors, officers, transferees, employees, and shareholders. Each of the signatories to this Agreement represents and warrants that he or she is authorized to execute this Agreement on behalf of the Plaintiff and the Defendant, and, by each signature, the Parties are bound to this Agreement.

  D. If any part or any provision of this Agreement is finally determined to be invalid or unenforceable under applicable law by a court of competent jurisdiction, that part or provision shall be ineffective to the extent of such invalidity or unenforceability only, without in any way affecting the remaining parts or provisions of this Agreement, all of which shall remain in full force and effect.

  E. Plaintiff hereby warrants and represents that he has not assigned nor in any way transferred or conveyed, all or any portion of the claims covered by this Agreement and is barred from doing so in the future. This warranty and representation is an essential and material term of this Agreement, without which Defendant would not have entered into it.

  F. The Parties cooperated in the drafting of this Agreement, and if it is finally

*Nestor Amaya*
Doc ID: cc2c8f0216ca13d30e0bbdd17e06c44e55f4aa1c

determined that any provision in this Agreement is ambiguous, that provision shall not be presumptively construed against either of the Parties.

  G. All notices required under this Agreement shall be served on the Parties via certified U.S. Mail or a recognized overnight courier service (such as UPS) as follows:

**NOTICES TO DEFENDANT, SUPERLATINOS CAFÉ RESTAURANTE CORP:**

**LAW OFFICE OF GONZALEZ ZEPEDA**
Attn.: Mr, Pablo Gonzalez Zepeda Esq.
13386 SW 128th Street
Miami, Florida 33186-5807
Telephone: (305) 251-5878
E-Mail: pablo@gzattorneys.com

**NOTICES TO PLAINTIFF, NIGEL FRANK DE LA TORRE PARDO:**

**ANTHONY J. PEREZ LAW GROUP, PLLC**
Attn.: Mr. Anthony J. Perez, Esq.
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
E-Mail: ajp@ajperezlawgroup.com

  H. This Agreement shall be governed, in all respects, by the laws of the State of Florida, irrespective of choice of law rules. The proper venue in any action to enforce the terms of this Agreement shall be in a court of competent jurisdiction within Miami-Dade County, Florida.

  I. The prevailing party in any action or proceeding to interpret or enforce the terms of this Agreement, or to resolve any dispute arising out of or relating to this Agreement, shall be entitled to recover its reasonable attorneys' fees from the non-prevailing party, as well as all costs incurred in advancing such action or proceeding, including, but not limited to, paralegal fees, expert witness fees and costs, and photocopy costs, in connection with any trial, appellate, or bankruptcy proceeding. Notwithstanding the foregoing, other than as set forth herein, the Parties agree to bear their own attorneys' fees, costs and expenses with respect to the Action and Claims.

*Nestor Amaya*

**IN WITNESS WHEREOF**, we have hereunto set our hands as of the date above written.

**SUPERLATINOS CAFÉ RESTAURANTE CORP**

By: *Nestor Amaya*   2/5/2025
Name:                  Date
Title:

**PLAINTIFF-NIGEL FRANK DE LA TORRE PARDO**

[signature]   02/07/2025
Name:         Date

[Remainder of the Page Intentionally Left Blank]

Page 8 of 8

*Nestor Amaya*

Doc ID: cc2c8f0216ca13d30e0bbdd17e06c44e55f4aa1c